Ernest Edward Badway, Esq.
Fox Rothschild LLP
101 Park Avenue, Suite 1700
New York, New York 10178
Telephone: (212) 878-7986
Facsimile: (212) 692-0940
*Attorneys for defendant Ludlow Street Development, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ASHLEY FRANCIS,<br><br>Plaintiff,<br><br>-against-<br><br>LUDLOW STREET DEVELOPMENT, LLC, AND NEW YORK CREMERIA, INC.,<br><br>Defendants. | **ECF Case**<br><br>**Case No: 1:22-cv-06578-LGS**<br><br>**DEFENDANT LUDLOW STREET DEVELOPMENT, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND SEPARATE DEFENSES**<br><br>**(Jury Trial Requested)** |

Ludlow Street Development, LLC ("Defendant"), by its undersigned counsel, Fox Rothschild LLP, hereby files this Answer to the Complaint of plaintiff Ashley Francis ("Plaintiff"), dated August 2, 2022 ("Complaint"), and states as follows:

## NATURE OF THE CLAIMS

1. Defendant denies the truth of the allegations contained in paragraph 1 of the Complaint, and respectfully refers this Court to the referenced statutes for an accurate recitation of their contents.

2. Defendant denies the truth of the allegations contained in paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. Defendant denies the truth of the allegations contained in paragraph 3 of the Complaint, and respectfully refers this Court to the referenced statutes for an accurate recitation of their contents.

4. Defendant denies the truth of the allegations contained in paragraph 4 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of their contents.

**PARTIES**

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint of where Plaintiff resides.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint of Plaintiff's wheelchair use or what medical conditions Plaintiff suffers from.

7. Defendant admits the truth of the allegations contained in paragraph 7 of the Complaint that Defendant owns the property located at 188 Ludlow Street in New York County, New York.

8. Defendant admits the truth of the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits the truth of the allegations contained in paragraph 10 of the Complaint as they relate to Defendant, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

11. Defendant admits the truth of the allegations contained in paragraph 11 of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and respectfully refers the Court to the referenced application and statute for an accurate recitation of their contents.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and respectfully refers the Court to the referenced application and statute for an accurate recitation of their contents.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

18. Defendant denies the truth of the allegations contained in paragraph 18 of the Complaint, except admits that Defendant leases the premises located at 188 Ludlow Street, and respectfully refers this Court to the referenced statutes for an accurate recitation of their contents.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and respectfully refers the Court to the referenced statute and regulations for an accurate recitation of their contents.

20. Defendant denies the truth of the allegations contained in paragraph 20 of the Complaint as they may relate to it, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

21. Defendant admits the truth of the allegations contained in paragraph 21 of the Complaint to the extent that 188 Ludlow Street was designed and constructed for first possession after 2006.

22. Defendant admits the truth of the allegations contained in paragraph 22 of the Complaint to the extent that alterations were made to 188 Ludlow Street sometime after 2006.

23. Defendant admits the truth of the allegations contained in paragraph 23 of the Complaint to the extent that alterations were made to the premises sometime after 2006.

24. Defendant denies the truth of the allegations contained in paragraph 24 of the Complaint, except lacks knowledge or information sufficient to form a belief as to when and whether Plaintiff visited the premises.

25. Defendant denies the truth of the allegations contained in paragraph 25 of the Complaint, and respectfully refers this Court to the referenced statutes and regulations for an accurate recitation of their contents.

26. Defendant acks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the truth of the allegations contained in paragraph 27 of the Complaint, and respectfully refers this Court to the referenced statutes and standards for an accurate recitation of their contents.

28. Defendant denies the truth of the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the truth of the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the truth of the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the truth of the allegations contained in paragraph 31 of the Complaint, and respectfully refers this Court to the referenced statute and standards for an accurate recitation of their contents.

32. Defendant denies the truth of the allegations contained in paragraph 32 of the Complaint, and respectfully refers this Court to the referenced statute and standards for an accurate recitation of their contents.

33. Defendant denies the truth of the allegations contained in paragraph 33 of the Complaint, including in subparagraphs I-IX, and respectfully refers this Court to the referenced statutes, regulations, and standards for an accurate recitation of their contents.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint that Plaintiff frequently travels to the area where the premises is located.

35. Defendant denies the truth of the allegations contained in paragraph 35 of the Complaint, and respectfully refers this Court to the referenced statutes for an accurate recitation of its contents.

36. Defendant denies the truth of the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the truth of the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the truth of the allegations contained in paragraph 38 of the Complaint.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, and respectfully refers this Court to the cited statute and standard for an accurate recitation of their contents.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint, and respectfully refers this Court to the cited statute and standards for an accurate recitation of their contents.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, and respectfully refers this Court to the cited statute and standards for an accurate recitation of their contents.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

43. Defendant repeats and restates each and every allegation contained in paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, and respectfully refers this Court to the cited statutes for an accurate recitation of their contents.

45. Defendant denies the truth of the allegations contained in paragraph 45 of the Complaint, and respectfully refers this Court to the cited statutes for an accurate recitation of their contents.

46. Defendant denies the truth of the allegations contained in paragraph 46 of the Complaint, and respectfully refers this Court to the cited statutes for an accurate recitation of their contents.

47. Defendant denies the truth of the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the truth of the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the truth of the allegations contained in paragraph 49 of the Complaint, and respectfully refers this Court to the cited statutes for an accurate recitation of their contents.

50. Defendant denies the truth of the allegations contained in paragraph 50 of the Complaint, and respectfully refers this Court to the cited statute for an accurate recitation of its contents.

51. Defendant denies the truth of the allegations contained in paragraph 51 of the Complaint, and respectfully refers this Court to the cited statutes for an accurate recitation of their contents.

52. Defendant denies the truth of the allegations contained in paragraph 52 of the Complaint, and respectfully refers this Court to the cited statute for an accurate recitation of its contents.

53. Defendant denies the truth of the allegations contained in paragraph 53 of the Complaint, and respectfully refers this Court to the cited statutes for an accurate recitation of their contents.

54. Defendant denies the truth of the allegations contained in paragraph 54 of the Complaint, and respectfully refers this Court to the cited statutes for an accurate recitation of their contents.

55. Defendant denies the truth of the allegations contained in paragraph 55 of the Complaint, and respectfully refers this Court to the referenced statutes and regulation for an accurate recitation of their contents.

56. Defendant denies the truth of the allegations contained in paragraph 56 of the Complaint, and respectfully refers this Court to the referenced statutes and regulations for an accurate recitation of their contents.

57. Defendant denies the truth of the allegations contained in paragraph 57 of the Complaint.

**SECOND CAUSE OF ACTION**
**(VIOLATIONS OF THE SECTION 504 OF THE REHABILITATION ACT)**

58. Defendant repeats and restates each and every allegation contained in paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59. Defendant denies the truth of the allegations contained in paragraph 59 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

60. Defendant denies the truth of the allegations contained in paragraph 60 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

61. Defendant denies the truth of the allegations contained in paragraph 61 of the Complaint.

62. Defendant denies the truth of the allegations contained in paragraph 62 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

63. Defendant denies the truth of the allegations contained in paragraph 63 of the Complaint.

64. Defendant denies the truth of the allegations contained in paragraph 64 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

65. Defendant denies the truth of the allegations contained in paragraph 65 of the Complaint.

66. Defendant denies the truth of the allegations contained in paragraph 66 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

67. Defendant denies the truth of the allegations contained in paragraph 67 of the Complaint.

68. Defendant denies the truth of the allegations contained in paragraph 68 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

## THIRD CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

69. Defendant repeats and restates each and every allegation contained in paragraphs 1 through 69 of the Complaint as if fully set forth herein.

70. Defendant denies the truth of the allegations contained in paragraph 70 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

71. Defendant denies the truth of the allegations contained in paragraph 71 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

72. Defendant denies the truth of the allegations contained in paragraph 72 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

73. Defendant denies the truth of the allegations contained in paragraph 73 of the Complaint.

74. Defendant denies the truth of the allegations contained in paragraph 74 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

75. Defendant denies the truth of the allegations contained in paragraph 75 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

76. Defendant denies the truth of the allegations contained in paragraph 76 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

77. Defendant denies the truth of the allegations contained in paragraph 77 of the Complaint.

78. Defendant denies the truth of the allegations contained in paragraph 78 of the Complaint.

79. Defendant denies the truth of the allegations contained in paragraph 79 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

80. Defendant denies the truth of the allegations contained in paragraph 80 of the Complaint.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**

81. Defendant repeats and restates each and every allegation contained in paragraphs 1 through 80 of the Complaint as if fully set forth herein.

82. Defendant denies the truth of the allegations contained in paragraph 82 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

83. Defendant denies the truth of the allegations contained in paragraph 83 of the Complaint, and respectfully refers this Court to the referenced statutes for an accurate recitation of their contents.

84. Defendant denies the truth of the allegations contained in paragraph 84 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

85. Defendant denies the truth of the allegations contained in paragraph 85 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

86. Defendant denies the truth of the allegations contained in paragraph 86 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

87. Defendant denies the truth of the allegations contained in paragraph 87 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

88. Defendant denies the truth of the allegations contained in paragraph 88 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

89. Defendant denies the truth of the allegations contained in paragraph 89 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

90. Defendant denies the truth of the allegations contained in paragraph 90 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

91. Defendant denies the truth of the allegations contained in paragraph 91 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

92. Defendant denies the truth of the allegations contained in paragraph 92 of the Complaint.

93. Defendant denies the truth of the allegations contained in paragraph 93 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

94. Defendant denies the truth of the allegations contained in paragraph 94 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

95. Defendant denies the truth of the allegations contained in paragraph 98 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

96. Defendant denies the truth of the allegations contained in paragraph 97 of the Complaint.

97. Defendant denies the truth of the allegations contained in paragraph 98 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

98. Defendant denies the truth of the allegations contained in paragraph 99 of the Complaint.

99. Defendant denies the truth of the allegations contained in paragraph 100 of the Complaint.

**FIFTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

100. Defendant repeats and restates each and every allegation contained in paragraphs 1 through 99 of the Complaint as if fully set forth herein

101. Defendant denies the truth of the allegations contained in paragraph 101 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

102. Defendant denies the truth of the allegations contained in paragraph 102 of the Complaint, and respectfully refers this Court to the referenced statutes for an accurate recitation of their contents.

103. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

## INJUNCTIVE RELIEF

104. Defendant denies the truth of the allegations contained in paragraph 104 of the Complaint.

105. Defendant denies the truth of the allegations contained in paragraph 105 of the Complaint, and respectfully refers this Court to the referenced statutes for an accurate recitation of their contents

106. Defendant denies the truth of the allegations contained in paragraph 106 of the Complaint, and respectfully refers this Court to the referenced statutes for an accurate recitation of their contents.

## AFFIRMATIVE AND SEPARATE DEFENSES

### FIRST AFFIRMATIVE AND SEPARATE DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

### SECOND AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiff has not been denied the full and safe access to all of the benefits, accommodations, and services of the premises.

**THIRD AFFIRMATIVE AND SEPARATE DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or other statutory provisions of law.

**FOURTH AFFIRMATIVE AND SEPARATE DEFENSE**

Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff is estopped as to such claims by Plaintiff's own actions, bad faith, laches, and/or waiver.

**FIFTH AFFIRMATIVE AND SEPARATE DEFENSE**

Plaintiff lacks standing to bring some, or all of the claims asserted herein and/or to obtain the relief requested and has failed to properly allege standing to assert some or all of the claims that Plaintiff has attempted to allege in the Complaint.

**SIXTH AFFIRMATIVE AND SEPARATE DEFENSE**

Plaintiff failed to provide any notice of alleged violations prior to commencing this action and Defendant did not have any actual or constructive notice regarding any accessibility issues at the premises.

**SEVENTH AFFIRMATIVE AND SEPARATE DEFENSE**

Any action taken that allegedly affected Plaintiff adversely was taken in good faith and for legitimate business reasons.

**EIGHTH AFFIRMATIVE AND SEPARATE DEFENSE**

There are no barriers to accessibility at the facility at issue in this case. Assuming, arguendo, that any barriers as alleged do exist, their removal is technically infeasible and/or not readily achievable in whole or in part and/or they do not materially affect the usability of the goods, facilities and services of the facility and are within construction tolerances.

**NINTH AFFIRMATIVE AND SEPARATE DEFENSE**

Assuming, arguendo, that the ADA Accessibility Guidelines are deemed relevant in this case, any deviations from those guidelines are *de minimis* and within construction tolerances and do not materially affect the usability of the features in question.

**TENTH AFFIRMATIVE AND SEPARATE DEFENSE**

All actions taken with regard to the design and construction at the facility were taken in good faith and for legitimate, lawful business reasons and/or predate the passage of the ADA and may not be a basis for liability.

**ELEVENTH AFFIRMATIVE AND SEPARATE DEFENSE**

Some or all of the physical items alleged by Plaintiff are not architectural barriers to access and do not prevent the enjoyment of the goods and services of the premises.

**TWELFTH AFFIRMATIVE AND SEPARATE DEFENSE**

Defendants have provided equivalent facilitation and/or appropriate means for patrons with disabilities to enjoy the goods, facilities, and services at the premises.

**THIRTEENTH AFFIRMATIVE AND SEPARATE DEFENSE**

Upon information and belief, Plaintiff's claims are barred in whole or in part because Plaintiff may not have been a *bona fide* patron at the premises, but visited it, if at all, for purposes of instituting the instant litigation.

**FOURTEENTH AFFIRMATIVE AND SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff is not a qualified individual with a disability entitled to relief within the meaning of the statutes upon which Plaintiff bases Plaintiff's claims.

**FIFTEENTH AFFIRMATIVE AND SEPARATE DEFENSE**

Plaintiff's claims are barred because Defendant did not discriminate against Plaintiff or deny Plaintiff a full and equal opportunity to enjoy the goods and services provided at the Premises on the basis of an alleged disability.

**SIXTEENTH AFFIRMATIVE AND SEPARATE DEFENSE**

Plaintiff's alleged injuries and/or damages, if any, were not caused by any act or omission of Defendant.

**SEVENTEENTH AFFIRMATIVE AND SEPARATE DEFENSE**

Many, if not all, of the conditions alleged to violate the ADA, the New York State Human Rights Law, and the New York City Human Rights Law no longer exist, and, therefore, Plaintiff's claims for relief are moot.

**EIGHTEENTH AFFIRMATIVE AND SEPARATE DEFENSE**

Plaintiff is not entitled to the recovery of attorneys' fees for moot claims under *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001).

**NINETEENTH AFFIRMATIVE AND SEPARATE DEFENSE**

Plaintiff has failed to mitigate any alleged damages, and, therefore, any entitlement to any alleged damages is expressly denied.

**TWENTIETH AFFIRMATIVE AND SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the design and construction of the facility preceded the enactment of the ADA and/or its regulations.

**TWENTY-FIRST AFFIRMATIVE AND SEPARATE DEFENSE**

Defendant reserves the right to assert additional defense with regard to some or all of Plaintiff's claims.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant demands judgment against Plaintiff as follows:

1. Dismissing the Complaint with prejudice against Defendant;

2. Awarding Defendant's costs; pre- and post-judgment interest; expert and attorneys' fees; and

3. Awarding Defendant such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury on all issues contained in the Amended Complaint and their Answer.

Respectfully submitted,

Dated: New York, New York
September 30, 2022

FOX ROTHSCHILD LLP

By: */s/ Ernest Edward Badway*

Ernest Edward Badway, Esq.
101 Park Avenue, Suite 1700
New York, New York 10178
Telephone: (212) 878-7986
Facsimile: (212) 692-0940
E-Mail: ebadway@foxrothschild.com
*Attorneys for defendant Ludlow Street Development, LLC*