# PARKER HANSKI LLC

40 WORTH STREET, SUITE 602
NEW YORK, NEW YORK 10013
PHONE: 212.248.7400
FAX:     212.248.5600
ghp@parkerhanski.com

October 28, 2022

<u>Via ECF</u>
The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York

     **Re:**   *Ashley Francis v. Ludlow Street Development, LLC, and New York Cremeria, Inc.*

          **Docket No. 1:22-cv-06578 (LGS)(RWL)**

Dear Judge Schofield:

     We represent the plaintiff in the above-entitled action.  We write to respectfully ask the Court to adjourn the November 9, 2022 conference and related deadline to file the joint letter and proposed case management plan to a date during the weeks of November 21, or 28, of 2022.  Defendant Ludlow Street Development, LLC consents to this application.

     The reason for this request is because plaintiff's counsel is out of the country during the week of November 7.  Plaintiff's counsel can work on preparing the joint letter and proposed case management plan during the week of November 14 and be ready for an initial conference in the week(s) thereafter.

     Moreover, plaintiff has not received any communications from defendant New York Cremeria, Inc.  Pursuant to Your Honor's Order of October 20, 2022, plaintiff served the non-appearing defendant New York Cremeria, Inc. and filed a certificate of service (ECF Document #16).  Accordingly, the appearing parties are not currently in a position to file documents on behalf of all the parties.  Plaintiff proposes that a request for certificate of default against defendant New York Cremeria, Inc. will be made by November 17, 2022 in the event that counsel does not appear on their behalf.

     Plaintiff also respectfully asks the Court to adjourn *sine die* plaintiff's obligation to file for a motion for default judgment against defendant New York Cremeria, Inc. until the disposition of plaintiff's claims against the appearing co-defendant Ludlow Street Development, LLC.  The legal basis for this request is because "when a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the [trial] of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Exquisite Form Indus., Inc. v. Exquisite Fabrics of London*, 378 F.Supp. 403, 416 (S.D.N.Y. 1974); *see also Lite–Up Corp. v. Sony Music Corp.*, 1999 WL 436563, at *2 (S.D.N.Y. June 24, 1999) (holding that, where default but not default judgment had been entered as to one defendant, "[i]f the remaining defendants prevail, then the defaulting defendant will be exonerated, whereas if the plaintiff prevails on the merits, judgment will be entered against all defendants, including the defaulting party").

In this action, plaintiff seeks damages and injunctive relief to compel the defendants to perform accessibility modifications to bring themselves into compliance with the ADA.  A default judgment against the non-appearing defendant would effectively grant plaintiff the ultimate injunctive relief against the appearing defendant.  Accordingly, even though the defaulting and non-defaulting defendants may be held jointly and severally liable for the same damages, "deferring consideration of damages with respect to the defendants until after [plaintiffs'] contested claims are litigated will minimize the risk of inconsistent awards." *Harvey v. Home Savers Consulting Corp.*, 2008 WL 724152, at * 1 (E.D.N.Y. Mar. 17, 2008)(internal citations and quotations omitted); and *see also Diarama Trading Co. Inc. v. J. Walter Thompson U.S.A., Inc.*, 2002 WL 31545845, at *3–4 (S.D.N.Y. Nov.13, 2002) (court declined to enter a final judgment against defaulting defendants because it was "apparent" that the defaulting and appearing defendants were "similarly situated" and appearing defendants were likely in privity with at least one defaulting defendant).

Thank you for your time and attention to this matter.  With kindest regards, I am

very truly yours,

/s/
Glen H. Parker, Esq.

**Application GRANTED**.  The initial pretrial conference scheduled for November 9, 2022, is adjourned to **November 23, 2022, at 4:00 P.M.**  At that time, the parties shall call 888-363-4749 and use the access code 558-3333.  The deadline for the parties to file the joint letter and proposed civil case management plan and scheduling order is extended to **November 16, 2022, at 12:00 P.M.**

Should Defendant New York Cremeria, Inc. not appear in this action, the appearing parties shall file the materials by the November 16, 2022, deadline, and Plaintiff shall file a request for certificate of default against Defendant New York Cremeria, Inc. by **November 17, 2022.**  The deadline for Plaintiff to file a motion for default judgment against this Defendant will be determined at the disposition of Plaintiff's claims.

Dated: October 31, 2022
         New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE