UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ASHLEY FRANCIS,                                      Docket No.  1:22-cv-06578 (LGS)(RWL)

                                     Plaintiff,

                                                              **CIVIL CASE**
                    - against -                               **MANAGEMENT PLAN**
                                                              **AND SCHEDULING**
LUDLOW STREET DEVELOPMENT, LLC, AND                           **ORDER**
NEW YORK CREMERIA, INC.

                                     Defendants.
------------------------------------------------------------------X

LORNA G. SCHOFIELD, United States District Judge:

        This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.      All parties <u>do not consent</u> to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed.*]

2.      The parties <u>have not</u> conferred pursuant to Fed. R. Civ. P. 26(f).

3.      This case is governed by one of the following sets of rules and the parties' proposed dates in this order have been adjusted accordingly.

        a.   An employment case governed by the Initial Discovery Protocols for Employment cases? http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=713
             [Yes _____ / No ___X____]

        b.   A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
             [Yes _____ / No ___X____]

        c.   A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-gschofield
             [Yes _____ / No ___X____]

        d.   A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield
             [Yes _____ / No ___X____]

1

4.        Alternative Dispute Resolution/Settlement

        a.     Settlement discussions <u>have not</u> taken place.

        b.     Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following: <u>Lease agreement(s), architectural plans, documents concerning renovations, insurance policy, and any documents concerning the feasibility of performing accessibility remediation</u>.

        c.     Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: <u>Participation in the District's Mediation Program</u>

        d.     Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case: <u>after the close of discovery</u>.

        e.     **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5.        No additional parties may be joined after <u>January 31, 2023</u> without leave of Court.

6.        Amended pleadings may be filed without leave of Court until <u>January 31, 2023.</u>

7.        Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than <u>within 14</u> days of the date of this Order.  *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8.        Fact Discovery

        a.     All fact discovery shall be completed no later than <u>March 31, 2023.</u> *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

        b.     Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by <u>December 30, 2022.</u>

        c.     Responsive documents shall be produced by <u>January 31, 2023.</u>
             Do the parties anticipate e-discovery? [Yes __X____ / No _____]

        d.     Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by <u>December 30, 2022.</u>

        e.     Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by <u>March 17, 2023.</u>

f.     Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by <u>March 1, 2023</u>.

**g.     Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9.  Expert Discovery

a.     Anticipated types of experts if any:

<u>For Plaintiff: Experts in Wheelchair Accessibility and Finance</u>.

b.     If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than ~~May 26, 2023.~~  May 15, 2023
*[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]*

c.     If you have identified types of experts in question 9(a), by <u>February 27, 2023</u> [*no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery*] the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

9.   This case <u>is to</u> be tried to a jury.

10.   Counsel for the parties have conferred and their present best estimate of the length of trial is <u>two to four days</u>.

11.   Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

<u>None at this time.</u>

12. Status Letters and Conferences

a.     By <u> January 31, 2023 </u> *[60 days after the commencement of fact discovery],* the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

b.     By <u> April 14, 2023 </u> [*14 days after the close of fact discovery*], the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

c.     On ~~June 9, 2023 at 10:00 A.M.~~ [*usually 14 days after the close of all discovery*], a pre-
May 31, 2023 at 4:00 P.M.

3

motion conference will be held for any anticipated dispositive motions, provided:

i.   A party wishing to file a summary judgment or other dispositive motion shall
     file a pre-motion letter **at least two weeks before the** conference and in the
     form provided in the Court's Individual Rule III.A.1. Any party wishing to
     oppose shall file a responsive letter as provided in the same Individual Rule. The
     motion will be discussed at the conference. To join the conference, the parties
     shall call (888) 363-4749 and use Access Code 558-3333. The time of the
     conference is approximate, but the parties shall be ready to proceed at that time.

ii.  **If no pre-motion letter is timely filed, this conference will be canceled and
     the matter placed on the Court's trial-ready calendar.** The parties will be
     notified of the assigned trial-ready date and the filing deadlines for pretrial
     submissions. The parties are warned that any settlement discussions will not stay
     pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph
8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the
dates herein, except as provided in paragraph 8(g), shall be made in a written application in
accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to
the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow
the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and
13(a)-(c) into the Court's calendar

SO ORDERED.

Dated:  November 16, 2022
_____
        New York, New York

_____
        **LORNA G. SCHOFIELD**
        **UNITED STATES DISTRICT JUDGE**

Counsel for the Parties:

Glen Parker, Esq.
Parker Hanski LLC
Attorneys for Plaintiff
40 Worth Street, Suite 602
New York, NY  10013
(212) 248-7400
(212) 248-5600
ghp@Parkerhanski.com

4

Ernest Edward Badway, Esq.
Fox Rothschild LLP
Attorneys for the defendant
Ludlow Street Development, LLC
101 Park Avenue, Suite 1700
New York, New York 10178
Telephone: (212) 878-7986
Facsimile: (212) 692-0940
ebadway@foxrothschild.com