# LEVIN-EPSTEIN & ASSOCIATES, P.C.
---
60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0046 • E: Joshua@levinepstein.com

November 27, 2022

*<u>Via Electronic Filing</u>*
The Honorable Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

                **Re:**    *Francis v. Ludlow Street Development, LLC et al*
                        <u>Case No.: 1:22-cv-06578-LGS</u>

Dear Honorable Judge Schofield:

      This law firm has recently been retained by Defendant New York Cremeria, Inc. (the "Defendant") in the above-referenced action.

      Pursuant to Your Honor's Individual Practices 1(B)(2), the following letter serves as a *nunc pro tunc* request for an extension of time to respond to the Complaint [Dckt. No. 1] (the "Complaint") filed by Plaintiff Ashley Francis (the "Plaintiff") from October 21, 2022 to, through and including, December 23, 2022.

      This letter further serves as a request to vacate the clerk's certificate of default entered on November 15, 2022 [Dckt. No. 21] (the "Clerk's Default").

      This is the first request of its nature. If granted, this extension would not affect any other scheduled deadlines. This request is made on consent of Plaintiff's counsel.

      As set forth more fully herein, "good cause" exists to set aside the Clerk's Default pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 55(c).

      Fed.R.Civ.P. 55(c) provides: "For good cause shown the court may set aside an entry of default." "Because Rule 55(c) does not define the term 'good cause,' the Second Circuit has established three factors that must be assessed in order to decide whether to relieve a party from default or from a default judgment. These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. Because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party. In other words, 'good cause' and the criteria of the Rule 60(b) set aside should be construed generously." *Famous Music Corp. v. 716 Elmwood, Inc.*, 2006 U.S. Dist. LEXIS 32140, *2-3 (W.D.N.Y. 2006) (internal citations and quotations omitted). Here, Defendant has met all three of Fed.R.Civ.P. 55(c)'s good cause factors, especially considering Plaintiff consents to this request.

      First, "[t]he Second Circuit has held that when determining whether a default has been willful, the court should look for bad faith, or at least something more than mere negligence, before

rejecting a claim of excusable neglect based on an attorney's or a litigant's error." *Famous Music Corp.*, 2006 U.S. Dist. LEXIS 32140, *3-4 (citing *American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 60 (2d. Cir. 1997)).

Defendant was never served with the August 2, 2022 Summons and Complaint as it did not receive anything from the Secretary of State. Therefore, Defendant's failure to respond to the Complaint by October 21, 2022 was not willful, in bad faith, or something more than mere negligence. Next, Plaintiff is not prejudiced if the Court vacates the Clerk's Default in this case. Vacating the Clerk's Default will not affect any of Plaintiff's rights or her ability to obtain the relief he seeks if she prevails. Most importantly, Plaintiff does not assert that there is any prejudice to vacating the Clerk's Default in this case as he consents to Defendant's request to vacate it.

Finally, Defendant has meritorious defenses to Plaintiff's claims. Defendant denies the allegations in the Complaint, and intends to assert numerous affirmative defenses.

In light of the foregoing, it is respectfully requested that the Court extend Defendant's deadline to respond to the Complaint to, through and including, December 23, 2022. For the Court's convenience, a proposed stipulation is being simultaneously filed herewith.

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

Thank you, in advance, for your time and consideration.

        Respectfully submitted,

        LEVIN-EPSTEIN & ASSOCIATES, P.C.

        By:  */s/ Jason Mizrahi*
            Jason Mizrahi
            60 East 42nd Street, Suite 4747
            New York, NY 10170
            Tel. No.:  (212) 792-0048
            Email: Jason@levinepstein.com
            *Attorneys for Defendant New York Cremeria, Inc.*

VIA ECF: All Counsel